```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
DONALD JONES,                      :
                                   :
          Plaintiff,               :    Civ. No. 14-139 (NLH)
                                   :
     v.                            :    OPINION
                                   :
CHARLES E. SAMUELS, JR., et al.,   :
                                   :
          Defendants.              :
_____:

APPEARANCES:
Donald Jones, #54517-066
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887
     Plaintiff, pro se

HILLMAN, District Judge

   This matter is before the Court upon Plaintiff Donald Jones' submission of a request to reopen his case. (ECF No. 39). For the reasons set forth below, Plaintiff's request will be granted and Plaintiff will be permitted to amend his Complaint.

                    I.   BACKGROUND

   Plaintiff filed his initial Complaint on or about January 6, 2014 pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging inadequate medical care in violation of the Eighth Amendment. (ECF No. 1). In an Order dated March 27, 2014, the Court granted Plaintiff's application

to proceed in forma pauperis and screened the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e. (ECF No. 10).  This Court ordered that that Plaintiff's Eighth Amendment medical-care claim could proceed as against Defendant "Unnamed Medical Staff" only, and dismissed Plaintiff's claims against the remaining defendants for failure to state a claim. Id. at 3.  This Court also directed Plaintiff to file an amended complaint within 120 days which identified, by name, the defendant that Plaintiff described as "Unnamed Medical Staff" who failed to take his vital signs or deliver medical care on the morning of April 9, 2012; and who told Plaintiff to watch for a medical appointment on April 10, 2012.

Thereafter Plaintiff filed a series of motions and letters including and Application for Leave to Amend the Complaint (ECF No. 12) and an Amended Complaint (ECF No. 21).  The Court addressed these filings in an Order dated August 12, 2014 (ECF No. 25) and determined that the Amended Complaint did not include factual allegations tying any treatment decisions to the previously dismissed defendants, nor did it identify by name the sole remaining fictitious defendant, described in the original Complaint as "Unnamed Medical Staff." Id. at 2-3.

This Court considered Plaintiff's submissions, the allegations set forth in his Amended Complaint, and the efforts made by Plaintiff in attempting to determine the name of the

"Unnamed Medical Staff." Ultimately, this Court found that Plaintiff failed to make a good faith effort to comply with the instruction to identify the fictitious defendant "Unnamed Medical Staff." Accordingly, this Court dismissed the claims against all defendants, denied all pending applications and motions as moot, and closed the Court's file. Id.

On August 25, 2014, Plaintiff filed a Notice of Appeal. (ECF No. 26). While that appeal, App. No. 14-3736, was pending before the Third Circuit, Plaintiff filed an "Amended Complaint" before this Court. (ECF No. 35). In an Order dated June 11, 2015, this Court addressed Plaintiff's "Amended Complaint," and, to the extent necessary, dismissed his request for lack of jurisdiction. (ECF No. 37).

On or about June 26, 2015, Plaintiff filed a separate civil action. See Jones v. United States, No. 15-4420 (NLH). The original complaint submitted in that case is essentially identical to the "Amended Complaint" (ECF No. 35) submitted in the instant action. On June 29, 2015, this Court administratively terminated civil case No. 15-4420 due to Plaintiff's failure to satisfy the filing fee requirement. On or about July 13, 2015, Plaintiff filed an application to proceed in forma pauperis in Civil Case No. 15-4420, and that case was reopened for review by a judicial officer.

While the Court was considering Plaintiff's in forma pauperis application in Civil Case No. 15-4420, the Third Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 42(b), dismissed the appeal of the instant action at Plaintiff's request so that Plaintiff could proceed with the instant case, Civ. No. 14-139, before this Court. (ECF No. 38).

Upon receiving notice that the Appellate Court had dismissed the pending appeal, Plaintiff filed a request to reopen the instant case before this Court (ECF No. 39), which the Court now addresses.  Plaintiff also filed a letter in the pending Civil Case No. 15-4420 requesting that the Court delay ruling on his in forma pauperis application in that case until such time as the Court rules on the application to reopen the instant action, Civ. No. 14-139.

## II.   REQUEST TO REOPEN

Upon receipt of Plaintiff's letter request to reopen (ECF No. 39), the instant case was reopened for review of this submission by a judicial officer.

It is apparent that Plaintiff seeks to reopen the instant case so that he can amend his Complaint to assert a cause of action against the United States under the Federal Tort Claims Act ("FTCA").  The Court bases this conclusion on the filings in this case — specifically the "Amended Complaint" (ECF No. 35) —

4

and the submissions in Plaintiff's new, separate civil action, Civ. No. 15-4420.

Federal Rule of Civil Procedure Rule 15(a) favors allowing amendments to complaints "when justice so requires," in the absence of any apparent or declared reason, such as undue delay, bad faith, or undue prejudice. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); see also Green v. Dep't of Corr., 393 F. App'x 20, 23 (3d Cir. 2010). The claims in the original Complaint and those proposed in the "Amended Complaint" (ECF No. 35) are based on the same set of facts. Moreover, although some of his efforts were misguided, Plaintiff has diligently sought to pursue these claims in the instant action, on appeal, and in the separate civil action. Therefore, there is nothing to suggest undue delay, bad faith, or the existence of any other reason which weighs against permitting amendment.

Accordingly, the Court grants Plaintiff leave to amend his Complaint in the instant case. Because Plaintiff previously submitted an Amended Complaint in the instant case (ECF No. 21), any subsequent amended complaint will be considered the "Second Amended Complaint" on this docket. Plaintiff is on notice that his Second Amended Complaint will be subject to sua sponte screening by the Court. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.

As discussed above, the Court notes that Plaintiff filed a document captioned "Amended Complaint" on the docket in this case while his appeal was pending. (ECF No. 35). To the extent Plaintiff wishes that document to be considered as the Second Amended Complaint in the instant case, he may so notify the Court, in writing, within 45 days of the date of this Order.

In the event Plaintiff wishes to submit a new document to be considered as the Second Amended Complaint, he may so notify the Court, in writing, within 45 days of the date of this Order. Plaintiff must attach to this writing the document which he wishes to be considered as the Second Amended Complaint.

Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.

If Plaintiff does not submit either a written response or a new, separate filing intended as the Second Amended Complaint within 45 days, the Court will construe the "Amended Complaint"

6

which already appears on the docket (ECF No. 35) as the Second Amended Complaint in this case.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's request to reopen the instant case is GRANTED.  Plaintiff will be permitted to amend his complaint.  Within 45 days of the date of this Order, Plaintiff shall submit to the Court a written response indicating either: (1) his desire to have the recently submitted "Amended Complaint" (ECF No. 35) considered as the Second Amended Complaint in this action; or (2) his desire to have another document, which he must attach to this writing, considered as the Second Amended Complaint in this action.  If no response is received from Plaintiff within 45 days, the Court will construe the document which appears on the docket with the caption "Amended Complaint" (ECF No. 35) as the Second Amended Complaint in this case and it will be screened in due course.

An appropriate Order follows.

                                            ____s/ Noel L. Hillman____
                                            NOEL L. HILLMAN
                                            United States District Judge

Dated: July 27, 2015
At Camden, New Jersey