UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
DONALD JONES,                      :
                                   :
         Plaintiff,                :    Civ. No. 14-139 (NLH)
                                   :
     v.                            :    OPINION
                                   :
UNTIED STATES OF AMERICA,          :
                                   :
         Defendant.                :
_____:

APPEARANCES:
Donald Jones, #54517-066
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887
     Plaintiff, pro se

HILLMAN, District Judge

　　　This matter is before the Court upon Plaintiff Donald Jones' submission of a Second Amended Complaint (ECF No. 44), a Motion to Appoint Pro Bono Counsel (ECF No. 45), and several letters and applications (ECF Nos. 42, 43, 46-49). The Court will address each of the submissions below and, for the reasons stated, the Complaint will be filed.

I.　　BACKGROUND

　　　The procedural history of this case is set forth in the Court's July 28, 2015 Opinion addressing Plaintiff's application to reopen (ECF No. 40) and need not be repeated in detail here. In relevant part, the Court permitted Plaintiff to file a Second

Amended Complaint which would be subject to the Court's <u>sua sponte</u> screening. On August 6, 2015, Plaintiff submitted his Second Amended Complaint. (ECF No. 44). He also submitted a Motion to Appoint Pro Bono Counsel (ECF No. 45), an Application of Notice for Rule 53.2 Arbitration (ECF No. 46), an Application requesting a disposition hearing (ECF No. 47), an Application and Notice of Civil Rule No. 26 (ECF No. 48), and several Letters (ECF Nos. 42, 43, 49, 50). The Court will address each submission in turn.

## II. SECOND AMENDED COMPLAINT

As stated above, Plaintiff submitted his Second Amended Complaint ("SAC") on August 6, 2015. (ECF No. 44). At this time, the Court must review the Second Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (<u>in forma pauperis</u> actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

A. <u>Standards for sua sponte dismissal</u>

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires

2

that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... .  Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).

3

Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

   B. Analysis

After an initial review of the SAC, the Court determines that dismissal of the SAC is not warranted at this time.

4

### III. Motion for Pro Bono Counsel

Plaintiff has filed a motion seeking the appointment of pro bono counsel. (ECF No. 45). In this motion, Plaintiff states that he is unable to afford an attorney and that his "knowledge of civil law has greatly limited his ability to litigate." (Mot. 1, ECF No. 45). Plaintiff further states that "[t]he issues involved in this case are complex and will require significant research and investigation." (Id.). Finally, Plaintiff implies that discovery will be needed to expose Defendants' alleged cover-up of the deficient medical treatment Plaintiff received on April 9, 2012.

#### A. Standard

A court may, pursuant to § 1915(e), request an attorney to represent an indigent plaintiff in a civil action. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). District courts have broad discretion to request counsel for indigent pro se litigants, but such appointment is a privilege, not a statutory or constitutional right of the litigant. Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); Montgomery v. Pinchak, 294 F.2d 492, 498 (3d Cir. 2002); see also Speller v. Ciccero, No. 13-1258, 2013 WL 1121377, at *1 (D.N.J. Mar. 12, 2013).

The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine as a threshold matter whether plaintiff's claim has "some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors (hereafter, the "Tabron/Parham factors"):

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, nor is any one factor determinative. Id. at 458. Rather, the Tabron/Parham factors should serve as a guidepost to ensure that courts will only appoint counsel in non-frivolous matters. Id.

If a pro se plaintiff is incarcerated, a court should additionally consider constraints caused by detention, such as whether photocopiers, telephones, and computers are made available to the prisoner plaintiff's use. Tabron, 6 F.3d at

156. This factor weighs against appointing counsel if a court ultimately concludes that a plaintiff has the baseline ability to adequately present his case. See Gordon v. Gonzalez, 232 F. App'x 153, 157 (3d Cir. 2007).

    B. Analysis

In the present motion, Plaintiff states that pro bono counsel is warranted because he has a "limited [] ability to litigate." (Mot. 1, ECF No. 45). However, it is evident that Plaintiff is sufficiently able to represent himself at this point. The contours of Plaintiff's underlying argument are clear and, as the record in this case reflects, Plaintiff is capable of filing motions and other documents. In light of Plaintiff's abilities, the first Tabron/Parham factor weighs against the appointment of counsel. See Gordon, 232 F. App'x at 157.

The second factor for consideration is the complexity of the legal issues presented. A court should be more inclined to appoint counsel when the legal issues are complex. See Tabron, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.") (quoting Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). At this time, the issues presented in this case appear relatively straightforward and concern the quality of treatment

received on April 9, 2012. Therefore, at this time, the second Tabron/Parham factor weighs against the appointment of counsel.

The third factor is the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation. Where claims are likely to require extensive discovery and compliance with complex discovery rules, appointment of counsel may be warranted. Tabron, 6 F.3d at 156. In his SAC, Plaintiff indicates that he has not been able to obtain information regarding this medical treatment on April 9, 2012 and he alleges that this is the result of a cover-up. Thus, discovery may be needed on this issue in the future. However, because the SAC is just now proceeding past the sua sponte screening stage, no formal discovery has been exchanged between the parties. Therefore, at this point, the third Tabron/Parham factor is neutral. The Court notes that Plaintiff may renew his application for the appointment of pro bono counsel should discovery issues arise in the future.

The fourth factor for consideration is whether a case is likely to turn on credibility determinations. Though most cases turn on credibility determinations, this factor weighs towards appointing counsel if the case is "solely a swearing contest." Parham, 126 F.3d at 460. Thus, a court should be aware of

8

"the degree to which credibility is at issue." Wassell v. Younkin, No. 07-326, 2008 WL 73658, at *4 (W.D. Pa. Jan. 7, 2008). In this case, the success or failure of Plaintiff's medical negligence or medical malpractice claims will likely turn on documentation — i.e., the information contained in Plaintiff's medical records. The Court notes, however, that Plaintiff claims that prison officials have denied the existence of, or hidden, documentation regarding his April 9, 2012 treatment. Thus, it is unclear at this time how much of the case will turn on credibility determinations. Accordingly, the Court finds that the fourth Tabron/Parham factor is neutral.

The fifth factor for consideration is the extent to which expert testimony may be required. Appointed counsel may be warranted where the case will require testimony from expert witnesses. Tabron, 6 F.3d at 156. However, the Third Circuit clarified that the appointment of counsel is not required in every case in which expert testimony may be warranted. See Lasko v. Watts, 373 F. App'x 196, 202 (3d Cir. 2010). In the case presently before the Court, it is unclear at this time whether Plaintiff will require expert testimony. Thus, the fifth Tabron/Parham factor weighs against the appointment of counsel at this time.

The final factor addressed by the Third Circuit in Tabron and Parham is plaintiff's financial ability to attain and afford

9

counsel on his own behalf. <u>Parham</u>, 126 F.3d at 461.  In this case, Plaintiff has been granted leave to proceed <u>in forma pauperis</u> (ECF No. 10); accordingly, the Court finds that the sixth <u>Tabron</u>/<u>Parham</u> factor weighs in favor of granting Plaintiff's motion.

As discussed above, the majority of the <u>Tabron</u>/<u>Parham</u> factors do not support the appointment of pro bono counsel. Therefore, the Court will DENY Plaintiff's motion at this time. This denial is without prejudice to Plaintiff renewing his request in the event that future proceedings demonstrate the need for counsel.

## IV.   <u>OTHER SUBMISSIONS BY PLAINTIFF</u>

The Court notes that Plaintiff has filed numerous other letter requests and submissions on the docket.  Specifically, he has submitted:

- a Letter regarding the Second Amended Complaint (ECF No. 42);
- a Letter requesting medical treatment (ECF No. 43);
- an Application of Notice for Rule 53.2 Arbitration the Speedy Civil Trial (ECF No. 46);
- an Application requesting a disposition hearing (ECF No. 47);
- an Application and Notice of Civil Rule No. 26 (ECF No. 48); and
- a Letter to the Court (ECF No. 49)
- a Letter to the Court (ECF No. 50)

The Court has carefully reviewed each of these documents and determines that no action from the Court is warranted at

this time. To the extent Plaintiff intended these submissions to be considered as motions or informal requests, they are denied.[1] However, for purposes of clarification — and to assist Plaintiff in better understanding the legal process — the Court will comment on two of Plaintiff's submissions.

First, the Court responds to Plaintiff's letter requesting immediate medical treatment. (ECF No. 43). As an initial matter, to the extent Plaintiff requests that the Court compel treatment for Plaintiff's vision, his request is denied. Plaintiff mentions that he is due for his regular two-year vision check-up; however, his complaints regarding his vision are neither related to the allegations of the SAC, nor are they emergent. No further discussion on this matter is warranted.

Additionally, although Plaintiff seeks "immediate medical treatment for the stroke symptoms" he is experiencing, the Court does not construe these allegations as setting forth an emergent situation. Plaintiff contends that he needs to be seen by a Heart and Nerve Specialist and he alleges that he has never been seen by any kind of specialist for these symptoms. (Letter 3, ECF No. 43). However, Plaintiff concedes in his SAC that he was treated at the Deborah Heart and Lung Center. (SAC 10, ECF No.

---

[1] In the event Plaintiff wishes to raise an issue not addressed in this Opinion, he is advised that he must file a formal motion which comports with the Federal Rules of Civil Procedure. See FED. R. CIV. P. 7(b).

11

44).  Further, Plaintiff attaches documentation to his SAC, which includes medical records from Deborah Heart and Lung Center as well as from the Susquehanna Health - Heart & Vascular Institute. (SAC 20-41, 49-52, ECF No. 44).  Finally, a prison medical record attached to Plaintiff's SAC indicates that Plaintiff was recently seen by prison medical officials in response to his complaints of pain on his left side. (SAC 56-57, ECF No. 44).  After an examination, the medical staff performed an x-ray and determined that the pain Plaintiff was experiencing was attributable to "moderate degenerative disc disease" as opposed to any ongoing heart failure. (Id.).  Thus, there is nothing before the Court to suggest that Plaintiff is in imminent danger.

In response to Plaintiff's Application for arbitration (ECF No. 46), the Court declines to designate this case for arbitration.  Specifically, the Court notes that, pursuant to Local Civil Rule 201.1, this case is not eligible for compulsory arbitration because the amount in controversy exceeds $150,000. See L.Civ.R. 201.1(d)(1) ("[T]he Clerk shall designate and process for compulsory arbitration any civil action pending before the Court where the relief sought consists only of money damages not in excess of $150,000 exclusive of interest and costs and any claim for punitive damages.") (emphasis added).

12

Finally, the Court addresses Plaintiff's applications regarding discovery. (ECF Nos. 47, 48). Given that Defendant will be required to provide an Answer to the allegations of the SAC, an order for discovery is premature at this time and Plaintiff's requests are denied without prejudice.

## V.   CONCLUSION

For the foregoing reasons, the Court determines that dismissal of the SAC is not warranted at this time. Additionally, Plaintiff's Motion for Pro Bono Counsel (ECF No. 45) and any requests made in his other letters and applications (ECF Nos. 42, 43, 46-50) are denied without prejudice for the reasons discussed above.

An appropriate Order follows.

                                        ___s/ Noel L. Hillman_____
                                        NOEL L. HILLMAN
                                        United States District Judge

Dated: November 23, 2015
At Camden, New Jersey