```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
_____
                                     :
DONALD JONES,                        :
                                     :
          Plaintiff,                 :  Civ. No. 14-139 (NLH)
                                     :
     v.                              :  OPINION
                                     :
UNTIED STATES OF AMERICA,            :
                                     :
          Defendant.                 :
_____:
```

APPEARANCES:
Donald Jones, #54517-066
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887
    Plaintiff, pro se

HILLMAN, District Judge

This matter is before the Court upon two Motions for Summary Judgment by Plaintiff Donald Jones (ECF No. 56, 58), and a Motion for Expansion of Time to File USM 285 Forms (ECF No. 57). For the reasons set forth below, the Motions for Summary Judgment will be DENIED and Plaintiff's Motion for an Expansion of Time to file his USM 285 Forms will be GRANTED.

I.   BACKGROUND

The procedural history of this case is set forth in the Court's July 28, 2015 Opinion addressing Plaintiff's application to reopen (ECF No. 40), and in this Court's November 23, 2015 Opinion (ECF No. 51), in which the Court screened Plaintiff's

Second Amended Complaint (ECF No. 44), denied Plaintiff's Motion for Pro Bono Counsel (ECF No. 45) and addressed Plaintiff's various letters and applications (ECF Nos. 42, 43, 46-49). Therefore, the procedural history need not be repeated in detail here.

In relevant part, on November 23, 2015, this Court determined that dismissal of the Second Amended Complaint was not warranted and the Clerk of the Court was ordered to file the Complaint and issue summons, with service to be effectuated by the United States Marshals Service. (ECF No. 52). On that same day, the Clerk's Office sent a letter and blank USM 285 forms to Plaintiff. (ECF No. 54). In this letter, it was explained to Plaintiff that he must complete and return a USM 285 form for the named Defendant within 30 days so that the United States Marshals Service could serve the summons and Complaint. A review of the docket in this case reveals that, as of the day of this Order, Defendant has not yet been served.

Nevertheless, Plaintiff filed a letter seeking entry of "summary judgment/default." (ECF No. 55). Plaintiff then filed two formal motions for summary judgment (ECF No. 56, 58), and a motion seeking a 30 day extension of time in which to submit his USM 285 forms (ECF No. 57).

II.  ANALYSIS

A. Plaintiff's Letter request for summary judgment/default

As explained to Plaintiff in the Court's November 23, 2015 Opinion, if Plaintiff wishes to raise an issue with the Court, he must do so by filing a formal motion which comports with the Federal Rules of Civil Procedure. See FED. R. CIV. P. 7(b). Therefore, no further discussion on this submission is warranted.  However, this Court takes the opportunity to explain to Plaintiff that Defendant United States of America, the only named defendant remaining in this action, has not yet been served.  Therefore, at this time Defendant has no obligation to file a responsive pleading, and the entry of default would be inappropriate and premature. See FED. R. CIV. P. 55(a).

B. Plaintiff's Motions for Summary Judgment

As set forth above, Defendant in this matter has not yet been served.  Therefore, no responsive pleading has been filed and no discovery has been exchanged.  As such, Plaintiff's motion is premature and will be denied without prejudice to Plaintiff refiling this motion at an appropriate time in the future.

The Court notes that, in his motion dated December 8, 2015 (ECF No. 56), Plaintiff asserts that "[o]n July 20, 2015 [he] served the Attorney General [] of the United States of America[.]". (Mot. 3, ECF No. 56).  Plaintiff further asserts

3

that the United States has failed to file any opposition or responsive pleading, and has failed to comply with discovery requirements.  As a result, Plaintiff asks the Court to grant summary judgment in his favor. (Id. at 4).

The Court takes this opportunity to explain to Plaintiff that — because Plaintiff was granted leave to proceed in forma pauperis, and because of his status as prisoner — Plaintiff's Second Amended Complaint was subject to review prior to it being filed on the docket to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In the Court's November 23, 2015 Opinion and Order (ECF Nos. 51, 52), the Court conducted such a review and the Second Amended Complaint was filed on the docket (ECF No. 53).  Because the Second Amended Complaint was not filed on the docket until November 23, 2015, Plaintiff could not have properly served Defendant United States on July 20, 2015.  As explained in this Court's November 23, 2015 Order (ECF No. 52) and in the letter to Plaintiff from the Clerk's Office (ECF No. 53), Plaintiff is

required to fill out, and return, a USM 285 form so that the United States Marshals Service can effectuate service upon Defendant United States, with all costs of service advanced by the United States.

After Defendant is properly served and has filed a responsive pleading – or has failed to file a responsive pleading within the required time frame – Plaintiff may refile any motions he deems appropriate.

In his motion for summary judgment received on December 21, 2015 (ECF No. 58), Plaintiff reiterates many of the facts of his Second Amended Complaint and again asks for a default judgment. For the same reasons set forth above, this motion is denied without prejudice.

### C. Plaintiff's Motion for Time Extension

Plaintiff also seeks a 30 day extension of time in which to submit his USM 285 forms due to a limit in the amount of postage stamps he is able to acquire at one time. (Mot. 1, ECF No. 57). The extension is granted.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Summary Judgment (ECF No. 56, 58) will be DENIED.  Plaintiff's Motion of

5

an Expansion of time in which to file his USM 285 Forms will be GRANTED.

An appropriate Order follows.

       ___s/ Noel L. Hillman_____
       NOEL L. HILLMAN
       United States District Judge

Dated: December 23, 2015
At Camden, New Jersey