UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
DONALD JONES,                      :
                                   :
    Plaintiff,                     :   Civ. No. 14-139 (NLH)
                                   :
  v.                              :   OPINION
                                   :
UNTIED STATES OF AMERICA,          :
                                   :
    Defendant.                     :
_____:

APPEARANCES:
Matthew S. Wolf, Esq.
B. 2nd Floor
1236 Brace Rd.
Cherry Hill, NJ 08034
    Counsel for Plaintiff

Marielena Piriz, Esq.
United States Attorney's Office
970 Broad St.
Newark, NJ 07102
    Counsel for Defendant United States of America

HILLMAN, District Judge

    This matter is before the Court upon two motions for summary judgment by Plaintiff Donald Jones. (ECF Nos. 72 & 75). These motions were filed by Plaintiff, pro se, prior to the appointment of counsel. Defendant filed a response in opposition (ECF No. 73) to the earlier-filed motion for summary judgment (ECF No. 72). Plaintiff then filed a reply (ECF No. 78) to Defendant's response. The Court has reviewed the submissions of the parties and considers the motions without

oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the motions for summary judgment will be DENIED.

## I.   BACKGROUND

The procedural history of this case is set forth in the Court's July 28, 2015 Opinion addressing Plaintiff's application to reopen (ECF No. 40), and in this Court's November 23, 2015 Opinion (ECF No. 51), in which the Court screened Plaintiff's Second Amended Complaint (ECF No. 44), denied Plaintiff's Motion for Pro Bono Counsel (ECF No. 45) and addressed Plaintiff's various letters and applications (ECF Nos. 42, 43, 46-49). Therefore, the procedural history need not be repeated in detail here.

In relevant part, on November 23, 2015, this Court determined that dismissal of the Second Amended Complaint ("SAC") was not warranted and the Clerk of the Court was ordered to file the Complaint and issue summons, with service to be effectuated by the United States Marshals Service. (ECF No. 52). Shortly thereafter, Plaintiff submitted a letter seeking entry of "summary judgment/default" (ECF No. 55), and then filed two formal motions for summary judgment (ECF Nos. 56 & 58).

In an Opinion December 23, 2015 (ECF No. 59), the Court explained to Plaintiff that, because service of the SAC had not yet been effectuated, Defendant was not obligated to file a

responsive pleading, and the entry of default was inappropriate and premature. See FED. R. CIV. P. 55(a).  Further, the Court noted that, because no responsive pleading had been filed and no discovery has been exchanged, Plaintiff's motions for summary judgment were premature.  Accordingly, the motions were denied without prejudice to Plaintiff refiling a summary judgment motion at an appropriate time in the future. (ECF No. 60).

Service was then effectuated and Defendant filed an Answer to the SAC on March 31, 2016. (ECF No. 70).  Shortly thereafter, however, Plaintiff filed another motion for summary judgment (ECF No. 72), in which he argues that summary judgment should be granted in his favor because Defendant has failed to respond to the SAC.  Defendant filed an opposition (ECF No. 73) and explains that an Answer was, in fact, filed, see (ECF No. 70). Defendant also points out that Plaintiff's motion is more akin to a motion for default judgment.

Plaintiff then filed an "amended motion" for summary judgment. (ECF No. 75).  In that motion, Plaintiff explains that he seeks summary judgment pursuant to Federal Rule of Civil Procedure 26, and he addresses the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).

Finally, Plaintiff filed a reply to Defendant's opposition to his motion for summary judgment. (ECF No. 78).  In that document, Plaintiff concludes that he is entitled to summary

3

judgment because Defendant conceded liability in its Answer to the SAC.  Plaintiff also seeks to amend his SAC to assert a claim for conspiracy pursuant to 42 U.S.C. § 1985, for which he seek an additional $20 million in damages.

## II.  DISCUSSION

A. ECF No. 72

In this motion, Plaintiff argues that summary judgment should be granted in his favor because Defendant failed to respond to the SAC.

As an initial matter, as Defendant points out, this motion for summary judgment is more accurately framed as a motion for default judgment, which is a two-step process requiring the entry of default by the Clerk of the Court, FED. R. CIV. P. 55(a), and the entry of judgement by default at the discretion of the trial court, FED. R. CIV. P. 55(b). See Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (cited in Smith v. Kroesen, No. 10-5723, 2015 WL 4913234, at *1 (D.N.J. Aug. 18, 2015)).  Moreover, Defendant filed a timely Answer (ECF No. 70); therefore, Plaintiff's argument is moot and the entry of a default judgment is inappropriate.  Because this motion (ECF No.

4

72) is procedurally and substantively improper, it will be denied.

   B. ECF No. 75

In this document, Plaintiff seeks summary judgment pursuant to Federal Rule of Civil Procedure 26, and he addresses the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).  Specifically, Plaintiff asserts that Defendant has failed to participate in discovery, and that Defendant has not responded truthfully to Plaintiff's discovery requests. (Mot. 2, ECF No. 75).

The Court notes that Federal Rule of Civil Procedure 26 does not provide for a remedy in the form of summary judgment. Instead, this Rule establishes general provisions governing discovery. See FED. R. CIV. P. 26.  However, the Court gleans that Plaintiff seeks sanctions against Defendant in the form of a default judgment due to Defendant's failure to comply with discovery requests.  Pursuant to Federal Rule of Civil Procedure 37, a district court may issue sanctions for failure to obey an order to provide discovery. FED. R. CIV. P. 37(b)(2)(A)(vi).

As Plaintiff points out, when considering whether to impose extreme discovery sanction such as a default judgment, courts in this circuit apply the factors set forth in Poulis. See Jackson Hewitt, Inc. v. Barnes Enterprises, Inc., 535 F. App'x 108, 112 (3d Cir. 2013); see also Firearm Owners Against Crime v. City of

5

Harrisburg, No. 1:15-CV-00322, 2015 WL 2095389, at *2 (M.D. Pa. May 5, 2015) ("Courts in this circuit weigh the so-called Poulis factors when considering entering default judgment or lifting a judgment already entered.") (citing Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 919 (3d Cir. 1992)); Schindler Elevator Corp. v. Otis Elevator Co., No. 09-CV-0560, 2011 WL 4594225, at *6 (D.N.J. Mar. 24, 2011), report and recommendation adopted, No. 09-CV-0560, 2011 WL 4594958 (D.N.J. Sept. 30, 2011) ("The Third Circuit applies a six-factor test to determine whether a party's failure to comply with a discovery order warrants an extreme discovery sanction, such as a default judgment.").

    Here, however, the parties had only just commenced the discovery process at the time Plaintiff filed his motion. Therefore, the Court cannot infer any prejudice to Plaintiff, history of dilatory conduct, bad faith, or any other Poulis factor which warrants a discovery sanction. See Poulis, 747 F.2d at 868-70.  Further, Rule 37(b) provides for sanctions for violations of a court order.  In this case, no such order compelling discovery from Defendant existed at the time Plaintiff filed the instant motion.

    Accordingly, sanctions under Rule 37 are inappropriate at this time and Plaintiff's motion is denied without prejudice as premature.  To the extent Plaintiff believes that Defendant

6

continues to withhold discovery, or to be untruthful in discovery responses, he may file an appropriate motion to compel with the Court. In the event Defendant fails to comply with any resulting Court order, Plaintiff may renew his motion for sanctions under Rule 37 at that time.

    C. ECF No. 78

In this document, Plaintiff responds to Defendant's opposition (ECF No. 73) to the earlier-filed of Plaintiff's pending summary judgment motions (ECF No. 72). Plaintiff asserts that summary judgment is appropriate because in the Answer "defendants openly admitts [sic] that on April 9, 2012 prison medical officials failed to examine, diagnosis [sic] and p[ro]vide medical treatment to the pro se plaintiff[.]" (Reply 1, ECF No. 78). To the extent Plaintiff believes that Defendant concedes liability for Plaintiff's claims in the Answer to the SAC, he is mistaken, and summary judgment is not warranted on that basis.

As Plaintiff notes, summary judgment is appropriate only where there is "no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED. R. CIV. P. 56). Here, the issue in the case is the adequacy of Plaintiff's medical care; and Defendant explicitly "denies that Plaintiff is entitled to any recovery[.]" (Answer to SAC 12, ECF No. 70). Accordingly,

Defendant has not conceded liability and Plaintiff has not met his burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Summary judgment is not warranted.

Finally, in this document (ECF No. 78), Plaintiff also seeks to amend his SAC to assert a claim for conspiracy pursuant to 42 U.S.C. § 1985. To the extent this document can be considered a motion to amend, Plaintiff's request will be denied.

1. Standard for Amendment

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings. FED. R. CIV. P. 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. FED. R. CIV. P. 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." FED. R. CIV. P. 15(a)(2).

Consistent with the plain language of this rule, leave to amend rests in the discretion of the court. That discretion,

8

however, is governed by certain basic principles, which are embodied in Rule 15. Thus, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend. See Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001).

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quotations and citations omitted); see also Lutz v. Philips Elecs. N. Am. Corp., 347 F. App'x 773, 777 (3d Cir. 2009) ("Although leave to amend a complaint under Rule 15(a) should be liberally granted, we have held that such leave should not be permitted where an amendment to the complaint would be futile."). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). In assessing "futility," courts apply the same standard that governs a motion to dismiss under Rule 12(b)(6). See Shane, 213 F.3d at 115.

   2. Analysis

As an initial matter, Plaintiff has not filed a formal motion to amend which includes a proposed amended complaint for

9

the Court's review. "Th[e] failure [to attach a proposed amended pleading] alone is grounds for the Court to deny a request to amend a pleading." Olmo v. Atl. City Parasail, LLC, No. 13-4923, 2016 WL 1704365, at *6 n.9 (D.N.J. Apr. 28, 2016) (citing Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (observing that "the court may deny a request if the movant fails to provide a draft amended complaint")).

Further, as his only basis for permitting amendment Plaintiff states, "[i]n light of the defendants openly admitting that they committed a conspiracy claim under 42 U.S.C. § 1985, which became legal knowledge from the defendants filing on March 21, 2016, the pro se plaintiff now reserves the legal rights to file a '(conspiracy claim under 42 U.S.C. 1985)' in the amount of $20 million dollars in the future under 42 U.S.C. 1985(3)." (ECF No. 78 at 3).

Section 1985 consists of three subsections dealing with various conspiracies to interfere with civil rights. Subsection (3) provides a remedy, generally, if two or more persons conspire or go on the premises of another, "for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege, "(1) a

10

conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (internal quotation marks and citations omitted). With respect to the second element, "a claimant must allege some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action in order to state a claim." Id. at 135 (emphasis in original) (internal quotation marks and citation omitted).

In this case, Plaintiff has not alleged, either in the SAC (ECF No. 44), or in his recent submission (ECF No. 78), any facts which suggest any discriminatory intent, or any other elements of a § 1985 conspiracy claim. See, e.g., Drake v. Muniak, No. 13-3868, 2014 WL 1665045, at *7 (D.N.J. Apr. 24, 2014) (dismissing § 1985 conspiracy claim without prejudice at screening for failure to state a claim). Plaintiff's conclusory allegation that Defendant admitted to a conspiracy is unfounded and unsupported by the record. Because Plaintiff's submission fails to set forth any claim for conspiracy upon which relief could be granted, amendment would be futile. See In re

11

Burlington Coat Factory Sec. Litig., 114 F.3d at 1434. Therefore, to the extent Plaintiff's submission (ECF No. 78) can be construed as a motion to amend, Plaintiff will not be granted leave to amend his SAC and his request is denied without prejudice. See Lutz, 347 F. App'x at 777.  In the event Plaintiff wishes to add claims to his SAC in the future, he must file an appropriate motion, which includes a proposed third amended complaint, and which sets forth a proper basis for amendment under Federal Rule of Civil Procedure 15.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Summary Judgment (ECF Nos. 72 & 75) are DENIED.

An appropriate Order follows.

    _s/ Noel L. Hillman_
NOEL L. HILLMAN
United States District Judge

Dated: September 26, 2016
At Camden, New Jersey

12