```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                              :
DONALD JONES,                 :
                              :
        Plaintiff,            :   No. 14-cv-139 (NLH) (KMW)
                              :
    v.                        :   OPINION
                              :
WARDEN DONNA ZICKEFOOSE,      :
MICHELLE BAKER, JOHN DOE,     :
and JANE DOE,                 :
                              :
        Defendants.           :
_____:

APPEARANCES:

Douglas F. Johnson, Esq.
Eric P. Sando, Esq.
Earp Cohn P.C.
20 Brace Road, Fourth Floor
Cherry Hill, NJ 08034
    Counsel for Plaintiff

Daniel J. Gibbons, Esq.
Office of the U.S. Attorney
970 Broad Street
Newark, NJ 07102
    Counsel for Defendants

HILLMAN, District Judge

    Plaintiff, through counsel, filed an Amended Complaint brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  ECF No. 122.  In it, Plaintiff alleges violations of the Eighth Amendment's prohibition against cruel and unusual punishment in that Defendants were deliberately indifferent to Plaintiff's serious medical needs.

I.  BACKGROUND

Plaintiff was an inmate formerly incarcerated at the Federal Correctional Institution at Fort Dix, in Fort Dix, New Jersey.[1]  See ECF No. 139-1, Declaration of Donald Jones at 1. Plaintiff suffers from a serious pre-existing heart condition, a condition known to the staff at FCI Fort Dix.  Id. at 2.  On Saturday, April 7, 2012, Plaintiff's heart condition became significantly worse, and he requested emergency medical treatment from his unit correctional officer.  Id.  He alleges that he was denied access to treatment because no medical staff was available at the prison that weekend and was told that the unit officer had no ability to call medical staff on the weekends.  Id.

On Monday, April 9, 2012, Plaintiff waited in a line of approximately 90-100 inmates at health services to receive medical treatment and submitted a sick call slip.  Id. at 2-3. There, he spoke to an unknown staff member in the medical unit, to whom he reported his symptoms of severe chest pain, shortness of breath, excessive perspiration, difficulty walking, and difficulty standing.  Id. at 3.  He also told that individual about his known heart condition and that he had suffered from a heart attack a year ago.  Id.  The individual inputted

---

[1] Plaintiff was released from custody on January 9, 2018.

Plaintiff's comments into a computer but did not examine Plaintiff or check his vital signs. Id. at 3-4. Plaintiff was told to return to his cell and wait for a medical appointment. Id. at 4.

On April 10, 2012, Plaintiff received a medical treatment appointment and multiple EKGs. Id. at 4-5. When the EKG reports were given to a doctor to interpret, the doctor stated, "whoa, what was she thinking--she almost cost him his life." Id. at 5. Plaintiff was then transferred for emergency care at the Deborah Heart and Lung Center, where he was told that he would need surgery for an implantable cardioverter defibrillator. Id. The prison staff, however, delayed providing the surgery for months and placed Plaintiff in the Special Housing Unit ("SHU") for the duration of his time at FCI Fort Dix. Id. at 5, 7-8

Plaintiff also alleges that after the incident, various individuals employed by the prison altered and destroyed his medical records from April 9, 2012. Id. at 5-10. In addition, individuals acted to prevent Plaintiff from utilizing the prison administrate grievance system and tampered with Plaintiff's mail and records. Id. Despite these attempts, Plaintiff asserts that he exhausted his administrative remedies by filing all necessary grievance forms and tort claims notices. Id.

3

II. <u>STANDARD OF REVIEW</u>

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that no genuine issue exists as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it could affect the outcome of the suit under the governing substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). An issue is genuine when a reasonable jury could return a verdict for the nonmoving party based on the evidence. <u>Id.</u> at 249. The court should view the facts in the light most favorable to the nonmoving party and make all reasonable inferences in that party's favor. <u>Hugh v. Butler County Family YMCA</u>, 418 F.3d 265, 267 (3d Cir. 2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the nonmoving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." <u>Anderson</u>, 477 U.S. at 257. <u>See</u> <u>Celotex</u>, 477 U.S. at 323-24. Alternatively, when facts are unavailable to the nonmovant, the nonmovant may show by affidavit or declaration that it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). In such

circumstances, the Court may delay consideration of or deny the motion, provide time for discovery, or issue any appropriate order. Id.

If the court determines that the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, then no genuine issue for trial exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322.

III. DISCUSSION

Defendants FCI Fort Dix Warden Donna Zickefoose and the former Health Services Administrator Captain Michelle Baker have moved to dismiss the claims against them, or, in the alternative, have the Court enter summary judgment in their favor. ECF No. 134. Because Defendants have already filed an answer and submit declarations in support of their arguments, the Court will construe the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(b); Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989).

Defendants argue that Plaintiff has failed to exhaust his administrative remedies, they are entitled to qualified

5

immunity, and Defendant Baker is entitled to absolute immunity as a member of the Public Health Service. See ECF No. 134-1 at 7. In opposition, Plaintiff argues that the Motion for Summary Judgment is premature because Plaintiff has not had the opportunity to obtain discovery necessary to respond to and oppose the Motion. ECF No. 139-3, Pl's Br. in Opp. at 6-9. Plaintiff also submits declarations pursuant to Federal Rule of Civil Procedure 56(d) detailing the discovery needed to respond to any motion for summary judgment. ECF Nos. 139-1, 139-2.

Federal Rule of Civil Procedure 56(d) provides as follows: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Summary judgment should generally be granted only when the nonmoving party has had an "adequate time for discovery." Celotex, 477 U.S. at 322. "[N]othing precludes a party from requesting an opportunity for discovery under Rule 56(d) by simply attaching an appropriate affidavit or declaration to that party's response to a motion for summary judgment, and by asserting that summary judgment should not be granted without affording the responding nonmovant an opportunity for discovery." Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir.

6

2015). In such circumstances, the court "is obligated to give a party opposing summary judgment an adequate opportunity to obtain discovery." Dowling v. City of Phila., 855 F.2d 136, 139-40 (3d Cir. 1988). Such requests for discovery are usually provided as a matter of course, especially when there are discovery requests outstanding. Shelton, 775 F.3d at 568.

The Court is satisfied that Plaintiff has met his burden under Rule 56(d), and the Court will thus deny without prejudice the Motion for Summary Judgment. Plaintiff has explained by declaration the discovery needed to refute the arguments regarding administrative exhaustion and immunity. See ECF Nos. 139-1, 139-2. The Court also notes that discovery in this matter is open until June 29, 2018, that Plaintiff has sought the Court's intervention in resolving discovery disputes arising from Defendants' failures to produce documents and other information, and that dispositive motions are due by October 26, 2018. See ECF Nos. 156 (amended scheduling order), ECF 154 (letter from plaintiff regarding discovery dispute). After discovery closes, Defendants may refile their motion.

IV. CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment, ECF No. 134, will be denied without prejudice.

7

Defendants may refile their motion after discovery closes.  An appropriate Order follows.


Dated: May 17, 2018                          s/ Noel L. Hillman

At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.